**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Amedisys, Inc., et al.,            :

          Appellants,       :

   vs.                             :

National Century Financial     :
Enterprises, Inc., et al.,
                       :
          Appellees.

Case No. 2:04-cv-758

JUDGE GRAHAM

Chapter 11

Judge Calhoun
(Case No. 02-65235)

OPINION AND ORDER

Amedisys, Inc. and it corporate affiliates bring this appeal of the bankruptcy court's June 24, 2004 order declining to lift the stay against a civil action brought by Amedisys in Louisiana (the "Louisiana Action"). Amedisys contends that the stay should have terminated when the bankruptcy court confirmed the joint plan of liquidation of National Century Financial Enterprises, Inc.

Because Amedisys waived its right to appeal the confirmation order and because the confirmation order and liquidation plan did not, in any event, terminate the stay of the Louisiana Action, the Court dismisses this appeal.

**I.   BACKGROUND**

The basic facts underlying this appeal are well-known to the parties and the Court. See Feb. 13, 2004 Opinion and Order, Case No. 2:03-cv-947 (S.D. Ohio); Sept. 15, 2004 Order, Case No. 2:04-cv-626 (S.D. Ohio). Amedisys is a regional provider of home-nursing services in the southern United States. It had an

agreement with National Century whereby NPF VI, a National Century funding program, would purchase eligible accounts receivable from Amedisys on a weekly basis.  At Amedisys's request each week, NPF VI paid Amedisys for the receivables submitted the week before. The financial transactions took place through accounts at Huntington Bank and JP Morgan.  For reasons related to its business cycle, Amedisys occasionally requested less than full payment for the receivables that NPF VI purchased.  See May 27, 2004 Order of Bankr. Ct., pp. 16-17.

During the first three weeks of October 2002, Amedisys continued to submit receivables to NPF VI, but it chose not request immediate payment for those receivables.  This built a credit of $7.3 million to Amedisys.  In late October 2002, Amedisys requested to be paid the full $7.3 million.  By that time, National Century was in grave financial distress and did not pay the money. National Century requested the funding program's Indenture Trustee, JP Morgan, to offset the $7.3 million against $6 million that Amedisys owed to another of National Century's subsidiaries, but JP Morgan denied the request.  On November 18, 2002, National Century filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.

On November 8, 2002, Amedisys filed an action in this Court against JP Morgan, National Century, NPF VI and others (the "Ohio Action").  See Amedisys, et al. v. JP Morgan Chase Manhattan Bank, et al., Case No. C2-02-1105 (S.D. Ohio).  The complaint demanded the turnover of $7.3 million in proceeds from the allegedly non-purchased accounts receivable.  Amedisys moved for a temporary restraining order requiring the transfer of $7.3 million from NPF

VI's account to Amedisys's account.  The Court denied the motion for a TRO on November 13, 2002 and referred the entire action to the bankruptcy court on December 5, 2002.

On February 21, 2003, Amedisys filed a complaint in Louisiana state court against JP Morgan and several JP Morgan employees.  The complaint alleged that JP Morgan had breached its duties as Indenture Trustee, and it sought the return of the $7.3 million. JP Morgan removed the action to the United States District Court for the Middle District of Louisiana.

The Debtors then filed a motion in the bankruptcy court for an order enforcing the automatic stay of 11 U.S.C. §362(a) against the Louisiana Action.  On August 20, 2003, the bankruptcy court granted the motion upon finding that resolution of the claims asserted by Amedisys in the Louisiana Action would require a determination of the ownership of the funds in the Debtors' bank accounts.  The bankruptcy court held that extending a stay order to a suit against a non-debtor is appropriate "when there is an automatic creation of liability against the debtor because of any judgment against a non-debtor co-defendant."  See Aug. 20, 2003 Order of Bankr. Ct., p. 10.

Amedisys appealed the bankruptcy court's decision to this Court.  Though Amedisys filed the Louisiana Action against non-debtor JP Morgan, this Court found that the complaint directly sought a determination that the funds residing in the Debtors' bank accounts belonged in full to Amedisys.  The Court thus affirmed the bankruptcy court's decision, concluding that §105(a) of the Bankruptcy Code authorized the bankruptcy court to extend the stay to the Louisiana Action.  See Feb. 13, 2004 Opinion and Order, Case

3

No. 2:03-cv-947 (S.D. Ohio).

Meanwhile in the bankruptcy court, the Debtors proposed a joint plan of liquidation (the "Plan"). The bankruptcy court confirmed the Plan on April 16, 2004 after several days of hearings. Most of the estate's liquid assets were immediately distributed to noteholders, and non-liquid assets (such as causes of action) were transferred to trusts created for the benefit of noteholders and other creditors. Notably, however, the Plan set aside $7.3 million of liquid assets in an escrow account called the "Amedisys Escrow." The funds in escrow are to be paid out to Amedisys if final judgment is entered in Amedisys's favor in the Ohio Action. Otherwise, the funds will be distributed to National Century's creditors. See Joint Plan of Liquidation, §IV.A.4.

The Plan also contains a provision relating to injunctions and stays:

> Unless otherwise provided, all injunctions or stays provided for in the Bankruptcy Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence at the Confirmation Date prior to the entry of the Confirmation Order, shall remain in full force and effect until the closing of the Bankruptcy Cases.

Joint Plan of Liquidation, §XI.B.

Amedisys appealed the confirmation order on several grounds, including that it wrongly permitted the stay against the Louisiana Action to remain in effect. This Court dismissed the appeal, finding that Amedisys had waived its objections to the confirmation order because it failed to raise those issues before the bankruptcy court. See Jan. 27, 2005 Opinion and Order, Case No. 2:04-cv-489 (S.D. Ohio).

On May 12, 2004, Amedisys filed with the bankruptcy court a

4

motion to "enforce" the confirmation order. In its motion, Amedisys argued that the confirmation order had the effect of terminating the automatic stay.

The bankruptcy court denied Amedisys's motion to enforce the confirmation order. The court found that Amedisys had withdrawn and waived its objections to the confirmation order. The court held that the stay was still in force, as the confirmation order specified.

Amedisys now brings this appeal of the bankruptcy court's order denying the motion to enforce the confirmation order.


## II. **JURISDICTION AND STANDARD OF REVIEW**

This Court has jurisdiction to hear the bankruptcy appeals pursuant to 28 U.S.C. §158(a). A bankruptcy court's findings of fact must be upheld unless clearly erroneous. In re Downs, 103 F.3d 472, 476-77 (6th Cir. 1996); In re Southern Indus. Banking Corp., 809 F.2d 329, 331 (6th Cir. 1987); see also Bankr. R. 8013. A bankruptcy court's conclusions of law are reviewed de novo. In re Downs, 103 F.3d at 476-77; Stephens Indus. Corp., Inc. v. McClung, 789 F.2d 386, 389 (6th Cir. 1986).


## III. **DISCUSSION**

Despite its title, Amedisys's motion to enforce the confirmation order challenged Section XI.B of the Plan and requested that the stay against the Louisiana Action be terminated. Amedisys disingenuously argues before this Court that its motion to enforce was an "attempt[] to enforce the specific language found in section XI.B. of the Plan." See Amedisys's Reply Brief, p. 10.

Section XI.B could not be clearer in providing that the Plan did not terminate the injunctions and stays existing at the time of the confirmation date.  Amedisys's motion to enforce is nothing other than an objection to the Plan.  The Court has already held that Amedisys waived its right to appeal the confirmation order because it failed to raise its objections before the bankruptcy court.  See Jan. 27, 2005 Opinion and Order, Case No. 2:04-cv-489 (S.D. Ohio). Thus, the bankruptcy court correctly found that Amedisys's motion to enforce should be denied because Amedisys had waived its objections to the Plan.

Amedisys's appeal is also without substantive merit.  Amedisys argues that confirmation of the Plan caused the stay to terminate. Amedisys cites Section 362(c) of the Bankruptcy Code in arguing that a stay of an act against property is terminated when the debtor's property is transferred out of the estate.  According to Amedisys, the Plan transferred all of the property out of National Century's estate.

It is true that a stay "of an act against property of the estate . . . continues until such property is no longer property of the estate."  11 U.S.C. §362(c)(1).  But Amedisys's argument ignores the fact that the Plan set $7.3 million aside in the Amedisys Escrow.  The $7.3 million was not transferred out of the estate, but remains in the estate until a final judgment is entered in the Ohio Action.  See Joint Plan of Liquidation, §IV.A.4. Because the Plan and confirmation order did not transfer the $7.3 million out of the estate, the stay against the Louisiana Action was not terminated under §362(c)(1).

IV.  **CONCLUSION**

Accordingly, Amedisys's appeal of the bankruptcy court's June 24, 2004 order denying the motion to enforce the confirmation order is DISMISSED.  Costs are taxed against the appellant.


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 16, 2005